Barbara J. VanDyke appeals from the judgment of the Montgomery County Common Pleas Court which granted summary judgment to Grange Mutual Casualty Company (hereinafter Grange).
This litigation began on April 9, 1998 when Ms. VanDyke filed her complaint alleging that co-defendant, Christopher Perry, negligently operated his automobile on October 9, 1993 causing her personal injuries and property damage to her automobile.
Ms. VanDyke alleged that Grange was liable to her for damages not covered by Mr. Perry's automobile insurance policy under her underinsured and uninsured motorists coverage of her policy with Grange. Grange moved to dismiss the plaintiff's complaint on the basis that the statute of limitations had expired in the plaintiff's claim pursuant to R.C. 2305.10(A).
On June 5, 1998, Ms. VanDyke filed an amended complaint. In the complaint, she asserted that Perry had moved and left no forwarding address and had concealed himself from the date of the accident. In a supporting affidavit Ms. VanDyke stated she searched for Mr. Perry until March 28, 1998 and could not find him for purposes of serving him with her complaint. Perry was served by ordinary mail on June 15, 1998.
On June 19, 1998, the trial court notified the parties it was converting Grange's dismissal motion to a summary judgment motion because Ms. VanDyke raised the possibility that the saving statute period had been "tolled" by defendant Perry's absence from the state pursuant to R.C. 2305.15.
On June 19, 1998, the trial court granted summary judgment to Grange. The trial court noted in its decision:
 On the face of Plaintiff's complaint, it is clear to this Court that Defendant Grange Mutual's Motion to Dismiss would have to be granted. Plaintiff's original complaint for personal injury was filed October 6, 1995, three days before the two-year statute of limitations for personal injury suits was to run. R.C. § 2305.10(A). One attempt at certified mail service on Defendant Perry failed and no further attempt to make service was made by Plaintiff. The original complaint was administratively dismissed for failure to prosecute without prejudice on March 13, 1996 pursuant to Civ.R. 4(E) and 41(B)(1). This dismissal occurred "otherwise than on the merits." See Thomas v. Freeman (1997), 79 Ohio St.3d 221, 225-26.
 The provisions of Ohio Saving Statute, R.C. § 2305.19, applied, however, and gave her an additional year in which to commence a new action. This one-year period began on the date the original complaint was dismissed and ended on March 13, 1997. Plaintiff's second complaint was filed April 9, 1998, more than one year after the saving statute period expired. There are no contrary inferences to be drawn in favor of Plaintiff. In Plaintiff's complaint, no mention is made of any justification for this untimely filing and, on its face, the Complaint fails to state a claim on which relief can be granted due to Plaintiff's claim being time-barred by her failure to comply with the statute of limitations.
On July 6, 1998, Ms. VanDyke moved for a judgment of default against Christopher Perry. On July 9, 1998, Grange filed a memorandum opposing plaintiff's default motion. On July 20, 1998, Ms. VanDyke filed a cross-motion for summary judgment against both defendants. In support of her motion, Ms. VanDyke filed an affidavit stating among other things:
 After the accident with Christopher C. Perry I employed the services of Attorney Jeffrey Baker around July 1995 and he filed a lawsuit against Christopher C. Perry on October 6, 1995 and I was informed by my attorney that he was unable to locate Mr. Perry. My attorney informed me that he was ill and had surgery. I did not hear from my attorney for several months and I called the Montgomery County Common Pleas Court to find out the status of my case in 1997 and I was informed that my case had been dismissed and that I should hire another attorney.
 I consulted another attorney and did not have a current address for Christopher C. Perry and we made a search for Mr. Perry without success until March 28, 1998. Mr. Perry was avoiding service of process and we could not determine his whereabouts. (Emphasis added).
In a memorandum filed contra plaintiff's cross-motion for summary judgment, Grange contended plaintiff had not provided admissible evidence that Perry was "avoiding service" because Ms. VanDyke's information was not based on personal knowledge as required by Civ. R. 56(E).
On August 3, 1998 the trial court granted the plaintiff's default motion against Perry and referred the matter of damages to a magistrate. The trial court again granted summary judgment to Grange. The trial court found that plaintiff's complaint was filed more than one year after the saving statute expired. The court then noted the following:
 The Court need not consider whether Plaintiff's assertions rise to the level of sufficient proof of Defendant's actions, however. Even if Plaintiff could adequately assert that the requirements of R.C. § 2305.15 have been met in this case, her claim must still fail as a matter of law. To succeed, Plaintiff must be able to show that R.C. § 2305.15
acts to toll § 2305.19 in addition to tolling the two-year statute of limitations provided by § 2305.10. This she cannot do. R.C. § 2305.15
provides specifically that: (A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. (Emphasis added). The statute specifically does not provide for the tolling of a statute of limitations as provided in R.C. § 2305.19. This interpretation was asserted clearly by the Ohio Supreme Court which stated that "[t]he tolling provisions of R.C. 2305.15
are expressly inapplicable to an action brought under R.C. 2305.19, and cannot be used to extend the one-year time limitation with which to commence an action under Civ. R. 3(A)." Saunders v. Choi
(1984), 12 Ohio St.3d 247, syllabus of the court.
On August 10, 1998, Ms. VanDyke filed a motion for a new trial. Grange for the first time raised the defense that the plaintiff had failed to demand arbitration of her underinsured motorist's claim within two years of the date of the accident as required by the policy. On October 21, 1998 the trial court adopted the magistrate's recommendation that plaintiff recover a judgment of $38,472.36 from defendant Christopher Perry. On October 22, 1998, plaintiff filed a satisfaction of judgment with respect to Perry for his insurance policy limits of $12,500.
On November 19, 1998, the trial court overruled the plaintiff's motion for new trial treating it as a motion to reconsider a non-final order previously entered. The trial court found that Grange had appropriately raised the defense of the statute of limitations in its dismissal motion. The trial court also rejected the plaintiff's claim that her action against Grange was controlled by a fifteen year limitations period for contract actions. The trial court noted the insurance policy required plaintiff to demand arbitration of her underinsured motorists claim within two years from the date of the accident. From the trial court's denial of new trial motion, the plaintiff appeals. She asserts two assignments of error which raise similar arguments.
She contends the trial court erred in permitting Grange to raise the defense of the statute of limitations by way of a motion to dismiss. Also she contends the trial court erred in applying the two year limitations period rather than the fifteen year period for contract actions. Lastly she contends the statute of limitations period did not begin to run on her suit against Grange because the tortfeasor concealed himself or absconded from the State of Ohio. Also she contends her cause of action against Grange did not accrue until she discovered that Perry did not have adequate insurance to cover her damages.
Affirmative defenses other than those listed in Civ. R. 12(B) are waived if not raised in the pleadings or an amendment to the pleadings. State ex rel. Plain Dealer Publishing Co. v. Cleveland
(1996), 75 Ohio St.3d 31, 33.
In this case Grange raised the limitations defense by way of a motion to dismiss. This is not appropriate unless it can be conclusively shown on the face of the complaint that the action is barred by the expiration of the limitations period. Esselburne v.Ohio Department of Agriculture (1990), 64 Ohio App.3d 578. The trial court did not grant Grange's dismissal motion but converted the motion to one for summary judgment and permitted the parties the opportunity to submit evidentiary materials.
The defense of the statute of limitations raised by Grange was a "red herring." The fact that the plaintiff failed to bring her action against Perry within the statutory limitations period was irrelevant as defendant Perry defaulted in the lawsuit. The plaintiff did not compromise Grange's subrogation rights by bringing her suit against Perry beyond the statutory limitations period.
Grange has a right, however, to enforce its contract of insurance with the plaintiff. The trial court correctly decided that the fifteen year statute of limitations period for a contract action did not apply to plaintiff's suit against Grange. Appellant's policy with Grange provided she was required to demand arbitration of an underinsured claim within two years of the date of the accident.
In Miller v. Progressive Cas. Ins. (1994), 69 Ohio St.3d 619, the Ohio Supreme Court in dicta stated a two year period, such as that provided for bodily injury actions in R.C. 2305.10 would be a reasonable and appropriate time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy. In this case, the plaintiff clearly failed to demand arbitration of her claim for her underinsured motorists benefits within two years of the accident.
The plaintiff failed to provide any evidentiary materials justifying her failure to demand arbitration of her underinsured motorists claim with Grange within the two year period after the accident.
The accident occurred in October, 1993 and Ms. VanDyke did not contact a lawyer until July of 1995. The defendant's identity was known at the time of the accident and the complaint states the accident was investigated by the Jefferson Township Police Department.
In short, the plaintiff failed to produce evidence that she was unable to determine the insurance status of defendant Perry and also determine whether her own injuries rendered her an "underinsured" for purposes of demanding arbitration of her underinsured motorists claim within the contractual two year period.
The assignments of error are overruled. The judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Lana Green
Arthur A. Ames
Hon. Dennis Langer