SHIROKEY, APPELLEE, *v.* MARTH, FIRE CHIEF, ET AL.;
CITY OF CLEVELAND HEIGHTS, APPELLANT.

[Cite as *Shirokey v. Marth* (1992), 63 Ohio St.3d 113.]

(No. 90–1760—Submitted October 16, 1991—Decided February 26, 1992.)

*Mary E. Papcke* and *John M. Bostwick, Jr.,* for appellee.

*John H. Gibbon,* Law Director, and *R. Todd Hunt,* for appellant.

*Calfee, Halter & Griswold, John E. Gotherman* and *Stanley J. Dobrowski,* urging reversal for *amicus curiae,* Ohio Municipal League.

HOLMES, J.  The key issue in this case is whether Section 1983, Title 42, U.S.Code affords Shirokey a property interest in being promoted to the position of Fire Lieutenant in the city of Cleveland Heights.  For the reasons that follow, we answer such query in the negative.

For purposes of our discussion, we shall focus on paragraph thirty-five of Shirokey's second amended complaint, which asserts:

"Defendants infringed on the liberty and property interests of Plaintiff. Shirokey when they arbitrarily denied him his promotion.  [S]aid arbitrary,

malicious and capricious conduct by the Defendants constituted a violation of procedural and substantial [*sic*] due process under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983." [3]

Section 1983 [4] provides a remedy to persons whose federal rights have been violated by governmental officials. *Monroe v. Pape* (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, overruled on other grounds in *Monnell v. Dept. of Social Services of City of New York* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611. However, "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere." *Braley v. City of Pontiac* (C.A.6, 1990), 906 F.2d 220, 223. Moreover, Section 1983 does not cover official conduct that violates only state law. Rather, the statute is limited to deprivations of federal statutory and constitutional rights. *Huron Valley Hosp., Inc. v. City of Pontiac* (C.A.6, 1989), 887 F.2d 710, 714; *Baker v. McCollan* (1979), 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 442.

This court, in *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 459, set forth the requisite elements of a Section 1983 claim, as follows:

" * * * To establish such a claim, two elements are required:

"(1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. * * * " See, also, *Parratt v. Taylor* (1981), 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420, 428.

The city has conceded that acts or omissions by the city officials in promulgating the city's "one of three" rule and making promotions thereun-

---

3. In Shirokey's second and third propositions of law he defines his claim by stating:

"A person who, according to R.C. 124.45, 124.46, 124.48, and 124.49, has a right to a promotion has established a legitimate claim of entitlement to that promotion in order to have a constitutionally protected property interest cognizable under 42 U.S.C. § 1983."

"A charter municipality in Ohio is subject to liability under 42 U.S.C. § 1983 when, by the adoption and exercise of civil service rules and regulations which are in direct conflict with the state civil service statutes and are not expressly set forth in the charter as required by the laws of the state, it deprives a civil service employee of a promotion to which he had a valid entitlement to [*sic*] under state civil service statutes."

4. The Civil Rights Act of 1871 as amended, Section 1983, Title 42, U.S.Code, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * * "

der would satisfy the "color of state law" requirement of *1946 St. Clair Corp., supra.* Therefore, we need only review whether the "one of three" rule deprived Shirokey òf his "rights, privileges or immunities secured by the Constitution or laws of the United States."

The United States Court of Appeals, Sixth Circuit, in *Charles v. Baesler* (C.A.6, 1990), 910 F.2d 1349, reviewed a case similar to the one at bar where the issue concerned whether the claimant was denied substantive, as opposed to procedural, due process. In *Charles*, the plaintiff successfully completed a fire department examination in January 1981, and was placed fifth on the promotion list for the rank of major. *Id.* at 1350. The list containing plaintiff's name expired in January 1983 without the plaintiff having been selected for promotion, although an opening did exist in May 1984. *Id.* Plaintiff premised his claim on the fact that the government's personnel director failed to promote him based on the expired promotion list. *Id.* Since plaintiff topped the expired eligibility list and a new list had not been created, he believed he should have been selected for the vacancy. *Id.* at 1351. The *Charles* court noted with respect to the plaintiff's contract that:

" * * * Most, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process. The substantive Due Process Clause is not concerned with the garden variety issues of common law contract. Its concerns are far narrower, but at the same time, far more important. Substantive due process 'affords only those protections "so rooted in the traditions and conscience of our people as to be ranked as fundamental." ' *Michael H. v. Gerald D.,* [491] U.S. [110, 122], 109 S.Ct. 2333, 2341, 105 L.Ed.2d 91 [105] (1989) (plurality opinion) quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 [677] (1934) (Cardozo, J.), *overruled on other grounds, Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) * * *.

"State-created rights such as Charles' contractual right to promotion do not rise to the level of 'fundamental' interests protected by substantive due process. Routine state-created contractual rights are not 'deeply rooted in this Nation's history and tradition,' and, although important, are not so vital that 'neither liberty nor justice would exist if [they] were sacrificed.' *Bowers v. Hardwick* (1986), 478 U.S. 186, 191–94, 106 S.Ct. 2841, 2844–46, 92 L.Ed.2d 140 [146–48] (1986) * * *." *Charles, supra,* at 1353; see, also, *Ramsey v. Bd. of Edn. of Whitley Cty., Kentucky* (C.A.6, 1988), 844 F.2d 1268, 1274–1275 ("an interference with a property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under Section 1983").

As the Sixth Circuit properly observed in *Charles, supra,* at 1355:

" * * * 'an employee deprived of a property interest in a specific benefit, term, or condition of employment, suffers a loss which is defined easily * * * and therefore, any interference with that interest is redressed adequately in a state breach of contract action.' [*Ramsey v. Bd. of Edn. of Whitley Cty., Kentucky* (C.A.6, 1988), 844 F.2d 1268], at 1274. In contrast, a person unreasonably deprived of her fundamental liberty to marry, for instance, may suffer a more undefinable loss of physical, emotional, psychological, social and economic autonomy not readily redressed at common law. * * * "

The facts in *Charles, supra,* provide an illustration of an employee who was merely deprived of a specific benefit, term or condition of employment. The *Charles* court correctly noted that Charles's loss was easily compensable by calculating the difference between a captain's salary and a major's salary over the relevant period of time. And the vehicle for recovering his lost compensation could be a state breach of contract action. *Id.*

We explicitly stated in *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 199–200, 513 N.E.2d 288, 297, that:

" * * * Where the right asserted is a constitutional right, federal courts have accorded different treatment, under Section 1983, to different rights. Where the right deprived under color of state law is a substantive right—for example, the First Amendment guarantee of free speech or the Fourth Amendment prohibition against unreasonable searches—a Section 1983 suit is always available regardless of supplemental state remedies. * * * [Citations omitted.] Where, however, the claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the *procedural* due process right to notice and hearing. * * * [Citations omitted.] The constitutional infringement under the Fourteenth Amendment is not * * * the deprivation of a property interest *per se,* but is instead the *manner* by which the property is taken. * * * " (Emphasis *sic.*)

Therefore, we hold that Section 1983 and the substantive due process protections guaranteed by the Fourteenth Amendment do not provide a remedy to claimants who merely allege they have failed to receive a job promotion. As the United States Court of Appeals, Seventh Circuit, observed: "the Constitution must not be trivialized by being dragged into every personnel dispute in state and local government. Disputes over overtime, over work assignments, over lunch and coffee breaks do not implicate the great objects of the Fourteenth Amendment." *Brown v. Brienen* (C.A.7, 1983), 722 F.2d 360, 365. Accordingly, for the foregoing reasons, we find that the present dispute over Shirokey's alleged right to a job promotion, like the dispute in *Charles, supra,* "does not involve an interest of sufficient weight to merit the

protection of the substantive Due Process Clause." *Charles, supra,* at 1356.[5] Consequently, we are left to address Shirokey's remaining claim concerning the alleged violation of his procedural due process rights.

In *Zinermon v. Burch* (1990), 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100, 114, the United States Supreme Court discussed the requirements placed on a claimant alleging a procedural due process violation,[6] by stating:

" * * * A § 1983 action may be brought for a violation of procedural due process, but here the existence of state remedies *is* relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law. Parratt [v. Taylor* (1981) ], 451 U.S. [527], at 537, 101 S.Ct. at 1913, 68 L.Ed.2d 420 [428]; *Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 [262] (1978) ('Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property'). The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. * * * " (Footnotes omitted and emphasis *sic.*)

---

5. We emphasized in *1946 St. Clair Corp., supra,* 49 Ohio St.3d at 36, 550 N.E.2d at 460, that: "Property interests are distinguished from life or liberty interests because property interests are founded on the procedural aspects of due process; they are not substantive rights created by the federal Constitution. *Cooperman [v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191] at 200, 513 N.E.2d [288] at 297–298. Property interests ' * * * are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' * * * [*Regents v.*] *Roth* [ (1972), 408 U.S. 564] at 577 [92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561]."

6. In *Zinermon* the Supreme Court commented that Section 1983 claims could be brought for one of three different violations of the Due Process Clause of the Fourteenth Amendment: " * * * First, the Clause incorporates many of the specific protections defined in the Bill of Rights. A plaintiff may bring suit under § 1983 for state officials' violation of his rights to, *e.g.,* freedom of speech or freedom from unreasonable searches and seizures. Second, the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions * * *. As to these two types of claims, the constitutional violation actionable under § 1983 is complete when the wrongful action is taken. "The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure. * * * " 494 U.S. at 125, 110 S.Ct. at 983, 108 L.Ed.2d at 113–114. In the present case we are dealing only with the second and third possible violations, encompassing substantive and procedural due process protections.

See, also, *Hudson v. Palmer* (1984), 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393, 407–408 ("an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy").

In *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33, the United States Supreme Court set forth a three-part test for courts to use to determine what procedural protections the Constitution requires in a particular case. Specifically, courts should weigh the following: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail."

We held in *1946 St. Clair Corp., supra*, that "[w]hen the interest is purely economic, the Constitution demands only that the challenging party be given a meaningful opportunity to be heard. *Parratt* [*v. Taylor* (1981), 451 U.S. 527,] at 543–544 [101 S.Ct. at 1916–1917, 68 L.Ed.2d at 433–434]. If the state provides adequate post-deprivation state tort remedies for unauthorized intentional property deprivations, the state has provided all the 'process' required under the Fourteenth Amendment." *Id.*, 49 Ohio St.3d at 36, 550 N.E.2d at 460. Furthermore, we placed the initial burden on a plaintiff who asserts a claim under Section 1983 for the deprivation of purely economic interests without due process of law that he allege and prove the inadequacy of state remedies. *Id.* at syllabus.

This view is in accordance with *Parratt, supra*, where the Supreme Court held that a plaintiff is required to prove inadequate state remedies where, due to the nature of the deprivation, the state could not be expected to provide predeprivation process. 451 U.S. at 540–541, 101 S.Ct. at 1915–1916, 68 L.Ed.2d at 432. Therefore, given the nature of the deprivation, if the state cannot be expected to provide predeprivation process, there is no constitutional violation as long as the state provides adequate postdeprivation remedies.

In this case, Shirokey's claim that he was denied a promotion and compensation as the result of the city's following a rule that had not been properly adopted does not lend itself to traditional predeprivation remedies. The very nature of the property loss here makes it impossible for the city to predict

such deprivations and provide a predeprivation process. See *Parratt, supra*, 451 U.S. at 541, 101 S.Ct. at 1916, 68 L.Ed.2d at 432. However, Shirokey did have the benefit of postdeprivation statutory and common-law remedies which would satisfy due process requirements. See *Zinermon, supra*, 494 U.S. at 127, 110 S.Ct. at 984, 108 L.Ed.2d at 115; *1946 St. Clair Corp., supra*, 49 Ohio St.3d at 34–35, 550 N.E.2d at 459. Specifically, Shirokey could have brought a declaratory judgment action [7] in order to determine his rights to the promotion under the city's civil service rules and charter. Also, he could have filed a request for an investigation and hearing with the civil service commission pursuant to Cleveland Heights Codified Ordinance 137.18, which provides:

"The civil service [*sic*] shall further have the power to make investigations concerning all matters touching enforcement and effect of the provisions of this chapter and of the rules of the Civil Service Commission prescribed thereunder; and, in the course of any such investigation or at any trial on appeal, the presiding officer of the Commission shall have the power to subpoena and require the attendance and testimony of witnesses, the power to administer oaths and affirmations and to take testimony relative to any such investigation or hearing, and the power to require the production by subpoena of any books, papers, public records or other documentary evidence pertinent to such investigation, inquiries or hearing."

Furthermore, as noted in our previous discussion concerning substantive due process, Shirokey had the common-law remedy of breach of contract available to him.[8] Finally, among the various options available to Shirokey

---

7. R.C. 2721.03 provides:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

8. In a case similar to the one at bar, the United States Court of Appeals, Sixth Circuit, addressed the constructive discharge of an assistant fire chief who was not provided a postdeprivation hearing required under R.C. 124.34. *Meyers v. City of Cincinnati* (C.A.6, 1991), 934 F.2d 726. The *Meyers* court held with respect to the plaintiff's procedural due process rights:

" * * * It is true that the municipal civil service commission refused to allow plaintiff to be heard because it interpreted the plaintiff's retirement as voluntary, but this refusal does not constitute a due process violation because an adequate state corrective judicial process exists. As we explained in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1983), *cert. denied*, 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984): 'In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.' *Id.* at 1066. The plaintiff here has attacked the municipal administrative hearing process, but he has not attacked the state's judicial process for the correction of errors by administrative agencies.

was a petition for a writ of mandamus claiming he had no adequate remedy in the ordinary course of law to protect his interest in the job promotion. See *State, ex rel. Zupancic, v. Limbach* (1991), 58 Ohio St.3d 130, 131–134, 568 N.E.2d 1206, 1207–1210.

Thus, in reviewing the available state law remedies, we find that Shirokey's procedural due process rights were not violated since the state's judicial review and administrative processes allow for a full consideration of his claim.

Accordingly, we express no view on the ultimate merits of Shirokey's claim except to hold that his complaint failed to state a claim under Section 1983 for the violation of his substantive or procedural due process rights.

Therefore, for the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

SWEENEY, J., dissenting. The majority's treatment of the issues in this case is not as facile as the syllabus and opinion otherwise make it appear. Under the guise of reviewing the merits of plaintiff's claims, the majority overwhelms the reader with numerous citations. However, few, if any, of these cases are germane to the instant claim for relief. In my view, plaintiff has clearly alleged a cause of action cognizable under Section 1983, Title 42, U.S.Code.

The majority raises the full panoply of state law remedies that plaintiff could have raised, and concludes that plaintiff's "procedural due process rights were not violated since the state's judicial review and administrative processes allow for a full consideration of his claim." By blithely dismissing plaintiff's cause of action in such a manner, the majority has essentially overruled, *sub silentio*, this court's very recent opinion in *Gibney v. Toledo Bd. of Edn.* (1988), 40 Ohio St.3d 152, 532 N.E.2d 1300, where this court held in the syllabus: "Exhaustion of state administrative remedies is not required prior to obtaining relief pursuant to Section 1983, Title 42, U.S.Code in state

---

In fact the state's judicial review process allows full review of such administrative decisions. *Kinney v. Ohio State Dept. of Admin. Serv.*, 14 Ohio App.3d 33 [14 OBR 37], 469 N.E.2d 1007 (1984), is a case in point. That court found invalid a forced retirement and reversed the action of the court of common pleas which had sustained the civil service commission. It is clear from *Kinney* that the state has a complete judicial corrective process fully adequate to review the plaintiff's claims. Therefore, the plaintiff has not shown a procedural due process violation." (Footnote omitted.) *Id.* at 731.

court. (*Felder v. Casey* [1988], 487 U.S. 131, 101 L.Ed. 123, 108 S.Ct. 2302, followed.)" By its holding today, the majority has added confusion to an area of law that had appeared to be settled.

In my view, the courts below were correct in finding that plaintiff was deprived of a property interest because R.C. 124.45 through 124.48 accord plaintiff a legitimate claim of entitlement to be promoted based on (1) his rank on the promotional list, and (2) the number of vacancies that did in fact occur in the fire lieutenant position during the one-year period plaintiff's name appeared on the promotional list. By using the "one of three" rule in plaintiff's situation, the city of Cleveland Heights violated its own charter, and thereby deprived plaintiff of a legitimate claim of entitlement to a promotion to fire lieutenant.

If Section 1983 is not a proper remedy in a case such as the cause *sub judice,* one wonders what type of factual scenario is now necessary in order to raise such a claim given the majority's ill-conceived opinion today.

For these reasons, I would affirm the decision of the court of appeals below.

DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.