CREASAP, Appellant,

v.

ARNOLD et al., Appellees.

[Cite as *Creasap v. Arnold* (1995), 106 Ohio App.3d 568.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–95–22.

Decided Sept. 28, 1995.

*Daniel E. Shifflet & Co., L.P.A., Daniel E. Shifflet* and *Kevin P. Collins,* for appellant.

*Smith & Colner* and *Steven L. Smith,* for appellees.

HADLEY, Judge.

This is an appeal from the April 26, 1995 judgment entry of the Common Pleas Court of Marion County granting the summary judgment motion of defendants-appellees, various officials of the city of Marion including the chief of police.

Appellant Wayne J. Creasap, while employed as a police officer, also worked as a loss prevention manager with the K-mart store located outside the city of Marion. Rule 434 of the Marion City Police Department Rules and Regulations provides that members of the Department are prohibited from off-duty employment unless permission is first obtained from the chief of police. With permission, appellant continued his extra employment from 1984 until 1992 when the permission to continue the employment was withdrawn after it was discovered that appellant had misused the police department's LEADS System in conjunction with his employment with Kmart.

Appellant then sought but was denied a permanent injunction in the Marion County Common Pleas Court to prevent appellees from engaging in discriminatory acts.

On February 1, 1993, appellant filed his complaint seeking damages based upon discrimination under color of law as prohibited by Section 1983, Title 42, U.S.Code. Appellees filed a motion for summary judgment, which was granted, and appellant now asserts that the trial court erred in granting the motion as appellees were not entitled to judgment as a matter of law.

Appellant acknowledges that a city may regulate the off-duty employment of its police officers, but states that it must do so in a manner that is neither arbitrary nor capricious. Furthermore, appellant asserts that he has been damaged because the regulation in question is standardless and, thus, has been enforced in an arbitrary and capricious manner towards appellant.

Appellant further states that he has a constitutionally protected property interest, namely his right to pursue outside off-duty employment created and defined by consistent application of Rule 434. Appellees state that appellant has no such constitutionally protected property right or liberty interest to continue off-duty, parttime employment, that the Section 1983 action fails, and that summary judgment was properly granted. We agree.

Citing the Sixth Circuit, the Supreme Court stated in *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 118, 585 N.E.2d 407, 411:

" * * * '[A]n employee deprived of a property interest in a specific benefit, term, or condition of employment, suffers a loss which is defined easily * * * and therefore, any interference with that interest is redressed adequately in a state breach of contract action' * * *."

The court further stated:

"'* * * Where the right asserted is a constitutional right, federal courts have accorded different treatment, under Section 1983, to different rights. Where the right deprived under color of state law is a substantive right—for example, the First Amendment guarantee of free speech or the Fourth Amendment prohibition against unreasonable searches—a Section 1983 suit is always available regardless of supplemental state remedies. * * * Where, however, the claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the *procedural* due process right to notice and hearing. * * * The constitutional infringement under the Fourteenth Amendment is not * * * the deprivation of a property interest *per se*, but is instead the *manner* by which the property is taken. * * *' (Emphasis *sic.*) "* * * As the United States Court of Appeals, Seventh Circuit, observed: 'the Constitution must not be trivialized by being dragged into every personnel dispute in state and local government. Disputes over overtime, over work assignments, over lunch and coffee breaks do not implicate the great objects of the Fourteenth Amendment.' *Brown v. Brienen* (C.A.7, 1983), 722 F.2d 360, 365." *Shirokey* at 118, 585 N.E.2d at 411–412.

Appellant has not, in his complaint or in his brief, asserted any due process lack of notice or hearing matters. He merely rests his claim upon a deprivation of "accrued property rights in the form of income and benefits from his off-duty employment" because of the arbitrary and capricious enforcement of Rule 434 as to the various members of the police department and appellant in particular. Appellant's reply brief states that the transcript of the proceedings held on April 14, 1992 contains sworn testimony that will support a Section 1983 violation.

Therefore, unless the transcript of the proceedings held on April 14, 1992 in *Creasap v. Arnold*, case No. 92–CI–134, incorporated into and made a part of this proceedings, contains sworn testimony establishing a denial of procedural due process, appellant's assertion fails. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

A review of that transcript indicates that no lack of notice or hearing was mentioned in the proceedings. In fact, the following conversation between Attorney Shifflet and appellant took place:

"Q. So and—and that disciplinary procedure was that pursuant to the bargaining agreement that the, uh, police officers have with the City of Marion, the union contract so to speak?

"A. Yes, sir.

"Q. So there is a direct procedure in there for disciplinary actions?

"A. Yes, sir.

"Q. That was followed in this case?

"A. Yes, sir."

██ A deprivation of a property interest actionable under Section 1983 is not complete when the deprivation occurs; it is not complete unless and until appellees fail to provide due process. Appellant has not provided the court with evidence that the process provided was constitutionally inadequate. The motion for summary judgment was, therefore, properly granted, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.