OPINION
Appellants James Brown, Andrew Snedden, Arthur Snedden, Gary
Bieberbach, Gary Meyers, Paul Miller, Carmen Miller and Philip Manogg appeal the decision of the Licking County Court of Common Pleas that granted partial summary judgment on behalf of Appellees Larry Stickle, Tim Ridenbaugh and Pat Liebold as to the issue of individual liability. The following facts give rise to this appeal. Appellants filed this complaint on May 11, 1998. Appellants alleged, in the complaint, that the Licking County Trustees violated R.C. 121.22 and their First andFourteenth Amendment rights during some of the township meetings attended by them. Appellants claim they are entitled to damages under the provisions of R.C. 121.22 and Section 1983, Title 42 of U.S.Code. After appellants filed their complaint, this case was consolidated, on June 11, 1998, with another case pending before the trial court that contained the same allegations. On June 7, 1999, just prior to the scheduled trial date in this matter, appellees filed a partial motion for summary judgment on the basis of legislative immunity. The trial court granted appellees' motion on July 12, 1999. Appellants timely filed a notice of appeal and set forth the following sole assignment of error for our consideration.
 I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS, IN GRANTING A PARTIAL SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS-APPELLEES GRANTING THEM A (SIC) BLANKET LEGISLATIVE IMMUNITY FOR ACTIONS TAKEN DURING THE CONDUCT OF TOWNSHIP MEETINGS.
 I
In their sole assignment of error, appellants contend the trial court erred when it found appellees were not liable on an individual basis under Section 1983, Title 42, U.S.Code. We disagree. In Manogg v. Stickle (Apr. 8, 1998), Licking App. No. 97 CA 104, unreported, we determined the trial court properly dismissed plaintiff's Section 1983, Title 42, U.S. Code claim. In reaching this conclusion, we stated: This statute provides a citizen with a cause of action for deprivation of his or her constitutional rights by a governmental body's laws or customs. Adickes v. S.H. Kress Co. (1973), 398 U.S. 144, 167-168,90 S.Ct. 1598, 26 L.Ed.2d 142. In order to prevail on a Section 1983 action, a plaintiff must not only show that the governmental body authorized an unconstitutional law or custom, but must show that he or she, in fact, suffered a constitutional deprivation. Los Angeles v. Heller (1986), 475 U.S. 796, 799, 106, S.Ct. 1571,89 L.Ed.2d 806.
The constitutional violation claimed by appellee concerns hisFirst Amendment rights. Appellee maintains his First Amendment rights were violated when he was not permitted to participate, by being able to speak or hear, at the trustees' meetings. We find the violation that occurred in this case was one based upon a statutory right and not a right guaranteed by the Ohio or United States Constitution. The appellants violated R.C. 121.22 by not conducting an `open meeting'. This may have prevented appellee from speaking and participating in the meetings, but the basis of his claim still rests upon a violation of R.C. 121.22. In the case of Shirokey v. Marth (1992), 63 Ohio St.3d 113, 117,585 N.E.2d 407, the Ohio Supreme Court held that 42 U.S.C. § 1983
claims cannot be based upon rights created by State law. Id. at 4.
In the case sub judice, the trial court found appellees were not personally liable. Judgment Entry, July 12, 1999, at 1. Based on our decision in Manogg, supra, we conclude the trial court properly granted summary judgment as appellants can not maintain a Section 1983, Title 42, U.S. Code claim based on a statutory violation. Appellants' sole assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed. By: Wise, P.J. Reader, V. J., concurs. Edwards, J., dissents.