Plaintiff Thomas Trubiani has appealed from a judgment of the Medina County Court of Common Pleas granting summary judgment in favor of defendants Mark Graziani, members of the Medina County Board of Health, namely, Janet Gammell, Elaine Buda, Judi Wagner, Thomas Jenkins, Thomas Lehner, M.D., David Baldwin and Don Stewart, and the Medina County Health Department. This Court affirms.
 I.
Plaintiff is the owner of approximately ninety-seven acres located at 9442 Avon Lake Road, Lodi, Ohio. He uses this land primarily to farm hogs, lambs and chickens. The property contains several houses, trailers, outbuildings, discarded vehicles and farming equipment.
Beginning in October, 1990, the Medina County Health Department (Health Department) received complaints alleging unsanitary conditions on Plaintiff's property. As a result, the Health Department opened an investigation, and, on January 8, 1991, it advised Plaintiff that he must correct the health code violations on his property. Over the next few years, the Health Department continued to periodically advise Plaintiff to rectify the status of his farm.
On May 9, 1994, Mark Graziani, a sanitarian employed by the Health Department, went to Plaintiff's property. Plaintiff met Mr. Graziani as he came up the driveway and accompanied him at all times. In fact, Plaintiff never objected to Mr. Graziani's presence that day. He did, however, object to a more thorough inspection of the premises.
Based on what he had observed, Mr. Graziani obtained a warrant that authorized the Health Department's officials and law enforcement officers to enter the premises and search for impermissible materials or conditions that violated the Medina Sanitary Code, Ohio Revised Code and/or the Ohio Administrative Code. On May 11, 1994, Mr. Graziani and other Health Department employees conducted such an inspection. On May 31, 1994, Plaintiff was notified that health code violations were found at his property and that he had one hundred twenty days to abate the nuisance.
On June 15, 1994, Mr. Graziani again visited the property. It appeared that Plaintiff had failed to heed the Health Department's warning and had continued to dump waste. Plaintiff was then notified to cease and desist such activity and that a follow-up inspection would be conducted on June 27, 1994. Upon inspection, it was confirmed that Plaintiff had not entirely removed the waste in question and that he had moved it behind his home so it would not be visible from the driveway and road. On November 22, 1994, the Health Department obtained another search warrant and conducted an inspection to confirm Plaintiff's compliance. He had not complied.
As a result of these inspections, the Medina County Board of Health filed a complaint against Plaintiff seeking several injunctions. Conversely, on September 28, 1994, Plaintiff filed an action against Mr. Graziani and the Health Department alleging trespass and invasion of privacy. This action was voluntarily dismissed on February 15, 1995.
On February 23, 1995, Plaintiff re-filed the action naming Mr. Graziani, Janet Gammell, Elaine Buda, Judi Wagner, Thomas Jenkins, Thomas Lehner, M.D., David Baldwin, Don Stewart and the Health Department.[1] Plaintiff alleged trespass, invasion of privacy and violation of Title 42, Section 1983 of the United States Code. In essence, he claimed that on May 9, 1994, May 11, 1994, June 15, 1994 and November 22, 1994, officials from the Health Department conducted illegal searches of his property. The heart of Plaintiff's case is the proposition that if Mr. Graziani's May 9, 1994 visit was illegal, then each and every entry thereafter was likewise illegal.
Defendants moved for summary judgment and Plaintiff responded. The motion was granted in favor of Defendants for the first four counts of Plaintiff's complaint and denied as to the remaining counts. Defendants then moved for summary judgment on those four counts. After a procedural parley, the trial court granted summary judgment in favor of Defendants on the four remaining counts.
Plaintiff appealed to this Court, claiming, among other things, that the trial court had improperly considered a number of documents attached to both of Defendants' motions for summary judgment. This Court agreed, and reversed the trial court's order and remanded the matter.
Upon remand, Defendants once again moved the trial court for summary judgment. They claimed immunity under R.C. Chapter 2744 for the common-law trespass and invasion of privacy claims. As for Plaintiff's Section 1983 claims, they maintained (1) that hisFourth Amendment rights had not been violated, and (2) in the alternative, if his constitutional rights had been infringed, Defendants were immune under the doctrine of qualified immunity. Plaintiff failed to respond. On May 20, 1998, the trial court granted Defendants summary judgment on all counts. Plaintiff timely appealed asserting four assignments of error.
 II.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In this case, the material facts are ultimately undisputed. Thus, while this Court's review is de novo, see Brown v. Scioto Cty. Bd. OfCommrs. (1993), 87 Ohio App.3d 704, 711, only the trial court's application of the law remains at issue.
For his first assignment of error Plaintiff has asserted that R.C. 3701.06 is an unconstitutional inspection scheme. He has argued that it fails to provide adequate safeguards to legally supplant the warrant requirement of the Fourth Amendment of the United States Constitution. For his second and third assignments of error, Plaintiff has essentially argued that the trial court erred when it found each defendant was entitled to qualified immunity under the open fields doctrine. For his fourth assignment of error, Plaintiff has asserted that R.C. Chapter 2744 does not bar his state law claims. To facilitate discussion, Plaintiff's fourth assignment of error will be addressed first. Plaintiff's second and third assignments of error will be consolidated and follow next. Finally, Plaintiff's first assignment of error will be discussed.
 A. Trespass and Invasion of Privacy
For his fourth assignment of error, Plaintiff has argued the trial court erred when it granted Defendants statutory immunity under R.C. Chapter 2744. On the other hand, the Mr. Graziani and Ms. Gammel have claimed immunity under R.C. 2744.03(A)[2]. That section provides, in pertinent part:
 In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
* * *
 (6) * * * [T]he employee [of a political subdivision] is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code.
By its terms, R.C. 2744.03(A)(6) operates as a presumption of immunity. Cook v. Cincinnati (1995), 103 Ohio App.3d 80, 90. Thus, pursuant to R.C. 2744.03(A)(6), government officials, including Health Department employees and Board of Health members, are immune from suit for acts within their official duties unless one of the enumerated exceptions applies. See Cook,103 Ohio App.3d at 90.
The party seeking summary judgment based on an immunity defense must present evidence tending to prove the underlying facts upon which the defense is based. Hall v. Ft. Frye Loc.School Dist. Bd. of Edn. (1996), 111 Ohio App.3d 690, 694-95. Once that burden is met, the non-moving party must produce evidence showing the existence of a genuine issue as to these material facts. Id. at 695. Therefore, if Plaintiff had raised a genuine issue of fact as to the existence of malice, bad faith, or wanton or reckless conduct, immunity could not be afforded in the summary judgment context. Shampton v. Springboro (Jan. 11, 1999), Warren App. CA 98-02-014, unreported, 1999 Ohio App. LEXIS 38, at *12. ("For immunity to be denied at the summary judgment stage, appellee need only have presented evidence from which an inference of bad faith could be drawn"). In order to review the trial court's grant of Ohio's statutory immunity to the individual Defendants, this Court must review whether the trial court correctly decided that genuine issues of fact do not exist regarding whether the investigators and Board of Health members acted with wanton or reckless disregard.
"Wanton" misconduct refers to one's failure to exercise any care whatsoever. Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,356; Hawkins v. Ivy (1977), 50 Ohio St.2d 114, syllabus. "Reckless" refers to conduct that causes an unreasonable risk of harm and is "substantially greater than that which is necessary to make his conduct negligent." Thompson v. McNeill
(1990), 53 Ohio St.3d 102, 104-05, quoting 2 Restatement of the Law 2d, Torts (1965) 587, Section 500. Defendants' conduct in this case does not rise to such levels. As evidenced by Defendants' motion for summary judgment and Mr. Graziani's affidavit, his actions were governmental and in good faith. Plaintiff failed to respond, and therefore, has failed to raise any genuine issues of fact. Indeed, as the trial court noted, the record is "utterly devoid" of any evidence showing wanton or reckless activity. While Mr. Graziani has conceded that he visited the property, Defendants have also pointed out that he ventured no further than the confines of Plaintiff's driveway. As a matter of law, such intrusion by a government official acting in the accord with his or her duties does not create an inference of wanton or reckless disregard for the rights of the property owner. The trial court was correct in granting R.C. 2744.03(A) immunity to Mr. Graziani and Ms. Gammel.
As for Plaintiff's attack against the Health Department's statutory immunity, this Court reaches the same result. R.C.2744.02 provides a political subdivision immunity in a state law civil action if the injury was a result of or occurred in connection with a governmental or proprietary function. R.C.2744.02. R.C. 2744.01(C) defines a governmental function that the political subdivision has entered into either voluntarily or under statutory obligation, and includes those activities which promote the public health and safety. R.C. 2744.01(C)(1)(a), (C)(1)(c) and (C)(2)(p). As such, the trial court did not err by granting summary judgment in favor of the Health Department. Plaintiff's fourth assignment of error is overruled.
 B. Section 1983, Title 42, United States Code
Plaintiff has also appealed the trial court's grant of qualified immunity in regard to his Section 1983 claims. The trial court granted summary judgment in favor of Defendants finding that Mr. Graziani's entry did not constitute a "search" within the meaning of the Fourth Amendment, and therefore a remedy under Section 1983 was unavailable. The trial court further ruled that, in the alternative, Defendants were entitled to qualified immunity. This Court holds that the former proposition is dispositive.
Section 1983, Title 42, U.S. Code provides a remedy to persons whose federal rights have been violated by government officials. It is limited, however, to deprivations of federal constitutional or statutory rights. State ex rel. Carter v. Schotten (1994),70 Ohio St.3d 89, 92. To recover under Section 1983, the claimant must establish (1) that the conduct complained of was committed by a person acting under the color of law, and (2) that the conduct deprived him or her of a federally protected right. Shirokey v.Marth (1992), 63 Ohio St.3d 113, 116. Defendants have conceded the first prong of this analysis. As for the second prong, Plaintiff has argued that Defendants violated his Fourth Amendment right to be free from a warrantless search and seizure. He has further averred that as a result of the allegedly illegal inspection on May 9, 1994, each inspection thereafter was also illegal. On the other hand, Defendants have argued that, due to the characteristics and nature of the areas inspected on May 9, 1994, the open fields doctrine applies, that Plaintiff had no reasonable expectation of privacy and that as a result, his Section 1983 claim can not stand. This Court agrees.
As a general rule, the Fourth Amendment prohibits unreasonable administrative searches and seizures unless a warrant is obtained. Camara v. Municipal Court of San Francisco (1967),387 U.S. 523, 18 L.Ed.2d 930, overruling Frank v. Maryland (1959),359 U.S. 360, 3 L.Ed.2d 877. The touchstone of a Fourth Amendment search and seizure analysis is whether an individual has a constitutionally protected reasonable expectation of privacy.Katz v. United States (1967), 389 U.S. 347, 360, 19 L.Ed.2d 576,587. To defeat summary judgment, one must demonstrate that the investigatory group's actions violated his or her reasonable expectation of privacy. This Plaintiff has not done.
The extent to which an expectation of privacy may be held "reasonable" turns on the location's connection to concepts of intimacy, personal autonomy and privacy. State v. Finnell (1996),115 Ohio App.3d 583, 588, citing Dow Chem. Co. v. United States
(1986), 476 U.S. 227, 90 L.Ed.2d 226. The open fields doctrine states that Fourth Amendment protection does not extend to searches and activities in any area beyond the curtilage of a home. Curtilage is defined as ground immediately surrounding or attached to a dwelling house. State v. Jedrick (May 9, 1991), Cuyahoga App. No. 60276, unreported, 1991 Ohio App. LEXIS 2222, at *6. It may or may not be enclosed. Id. In United States v.Dunn (1987), 480 U.S. 294, 300, 94 L.Ed.2d 326, 334, the United States Supreme Court stated that "the Fourth Amendment protects the curtilage of a house and that the extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself." Id. Conversely, open fields do not provide the setting for those intimate activities that theFourth Amendment is intended to shelter from government intrusion.Oliver v. United States (1984), 466 U.S. 170, 177,80 L.Ed.2d 214, 223. There is no societal interest in protecting the privacy of those activities that occur out from behind closed doors. Id.,466 U.S. at 178, 80 L.Ed.2d at 224. It is clear that individuals may not legitimately demand privacy for activities conducted in a field. Id. As such, government intrusion upon an individual's open field is not an unreasonable search as proscribed by theFourth Amendment and does not violate his or her reasonable expectation of privacy.
In the instant case, Mr. Graziani entered Plaintiff's property at the driveway. Mr. Graziani never went any further than the borders of such and was accompanied at all times. From the driveway, he observed several health code violations which prompted him to secure a warrant for further inspection. This Court notes that the violations observed by Mr. Graziani from the driveway were also quite visible from the roadway. In light of this uncontroverted evidence, Mr. Graziani's observations and subsequent actions can not be held to infringe upon the personal and societal values protected by the Fourth Amendment. As such, each of Plaintiff's Section 1983 claims must fail. Plaintiff's second and third assignments of error are overruled.
 C. The Inspection Scheme of R.C. 3701.06
For his first assignment of error, Plaintiff has argued that R.C. 3701.06 lacks the safeguards to legally supplant the warrant requirement of the Fourth Amendment of the United States Constitution. Such a void would render the section unconstitutional, thereby making the visits by Mr. Graziani illegal. Nevertheless, this argument is moot. As determined above, Defendants are entitled to immunity as to Plaintiff's trespass and invasion of privacy claims. Furthermore, Plaintiff's Section 1983 claims are unfounded. This being so, Plaintiff's remaining assignment of error fails to merit discussion. App.R. 12(A)(1)(c). Plaintiff's first assignment of error is overruled.
 III.
Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Appeals, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT SLABY, P.J.
BATCHELDER, J.
CONCUR
[1] Mr. Graziani and Ms. Gammell were in fact the only two defendants who ever visited Plaintiff's property. Ms. Gammel was sued individually and in her capacity as a member of the Medina County Board of Health. The remaining individual defendants were also members of the Medina County Board of Health and were sued only in their official capacity as board members.
[2] R.C. Chapter 2744 provides a political subdivision limited sovereign immunity from tort actions. It is applicable to causes of action which accrued on or after its effective date. Brodie v.Summit Cty. Children Services Bd. (1990), 51 Ohio St.3d 112, 119, fn. 6. Plaintiff's causes of action each accrued on May 9, 1994 because, as Plaintiff has asserted, the legality of the various intrusions is dependant on Mr. Graziani's first visit. As such, this Court shall apply the version of R.C. 2744.03(A) in effect on May 9, 1994.