OPINION
Appellant Philip Manogg appeals the decision of the Licking County Court of Common Pleas that granted partial summary judgment on behalf of Appellees Larry Stickle, Tim Ridenbaugh and Pat Liebold as to the issue of individual liability. The following facts give rise to this appeal. Appellant Manogg filed a complaint on October 29, 1997. Appellant alleged, in the complaint, that the Licking County Trustees violated R.C. 121.22 and his First andFourteenth Amendment rights during some of the township meetings attended by him. Appellant claimed he was entitled to damages under the provisions of R.C. 121.22 and Section 1983, Title 42, U.S.Code. After appellant filed his complaint, several other persons filed a complaint containing similar allegations. Appellees filed a motion to consolidate the two cases and the trial court granted the trustees' motion on June 11, 1998. After one continuance, the trial court scheduled this matter for trial on December 14, 1998. Prior to trial, appellees filed a motion for partial summary judgment. The trial court denied the trustees' motion on November 2, 1998. The trustees filed a notice of appeal which we dismissed as not being a final appealable order on December 8, 1998. On remand, this matter was eventually set for trial on July 19, 1999. The trustees again filed a partial motion for summary judgment on the basis of legislative immunity. The trial court granted this motion on July 12, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS (SIC) MOTION FOR SUMMARY JUDGMENT. THE COURT'S BLANKET FINDING THAT "CONDUCT OF A MEETING" IS WITHIN THE SPHERE OF THE LEGISLATIVE PROCESS IS CONTRARY TO LAW AND IN ERROR.
 II. THE TRIAL COURT ERRED IN EVEN ALLOWING DEFENDANTS TO FILE THEIR MOTION FOR SUMMARY JUDGMENT AT SUCH A LATE DATE. BY DOING SO THEY DEPRIVED PLAINTIFF-APPELLANT FROM CONDUCTING DISCOVERY CONCERNING THE DEFENSE OF LEGISLATIVE IMMUNITY.
 I
In his First Assignment of Error, appellant contends the trial court erred when it found appellees were not liable on an individual basis under Section 1983, Title 42, U.S.Code. We disagree. In Manogg v. Stickle (Apr. 8, 1998), Licking App. No. 97 CA 104, unreported, we determined the trial court properly dismissed plaintiff's Section 1983, Title 42, U.S. Code claim. In reaching this conclusion, we stated: This statute provides a citizen with a cause of action for deprivation of his or her constitutional rights by a governmental body's laws or customs. Adickes v. S.H. Kress Co. (1973), 398 U.S. 144, 167-168,90 S.Ct. 1598, 26 L.Ed.2d 142. In order to prevail on a Section 1983 action, a plaintiff must not only show that the governmental body authorized an unconstitutional law or custom, but must show that he or she, in fact, suffered a constitutional deprivation. Los Angeles v. Heller (1986), 475 U.S. 796, 799, 106, S.Ct. 1571,89 L.Ed.2d 806.
The constitutional violation claimed by appellee concerns hisFirst Amendment rights. Appellee maintains his First Amendment rights were violated when he was not permitted to participate, by being able to speak or hear, at the trustees' meetings. We find the violation that occurred in this case was one based upon a statutory right and not a right guaranteed by the Ohio or United States Constitution. The appellants violated R.C. 121.22 by not conducting an `open meeting'. This may have prevented appellee from speaking and participating in the meetings, but the basis of his claim still rests upon a violation of R.C. 121.22. In the case of Shirokey v. Marth (1992), 63 Ohio St.3d 113, 117,585 N.E.2d 407, the Ohio Supreme Court held that 42 U.S.C. § 1983
claims cannot be based upon rights created by State law. Id. at 4.
In the case sub judice, the trial court found the trustees are entitled to absolute personal liability. Judgment Entry, July 12, 1999, at 1. Based on our decision in Manogg, supra, we conclude the trial court properly granted summary judgment as appellant can not maintain a Section 1983, Title 42, U.S. Code claim based on a statutory violation. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred when it permitted the trustees to file a partial motion for summary judgment. We disagree. Civ.R. 56(A) permits a party to file a summary judgment motion after a trial or pretrial date has been set if it is done with leave of court. Appellees filed a motion for leave to file a summary judgment motion which the trial court granted. Further, it is well-established that it is within the discretion of the trial court to grant leave for the filing of a summary judgment motion. Smith v. Cincinnati Gas 
Electric Co. (1991), 75 Ohio App.3d 567, 572. Thus, we will not reverse the trial court's decision granting appellees leave to file a motion for partial summary judgment unless we find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Upon review of the facts of this case and the basis for appellees' motion for partial summary judgment, we find the trial court did not abuse its discretion. Appellant's Second Assignment of Error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed. By: Wise, P. J. Reader, V. J., concurs. Edwards, J., dissents.