NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0616n.06

Case Nos. 16-4200/17-3187

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 08, 2017
DEBORAH S. HUNT, Clerk

RICHARD MARTINEZ,                                )
                                                 )
   Plaintiff-Appellant/Cross-Appellee,           )
                                                 )      ON APPEAL FROM THE UNITED
v.                                               )      STATES DISTRICT COURT FOR
                                                 )      THE NORTHERN DISTRICT OF
CITY OF CLEVELAND; MARTIN FLASK,                 )      OHIO
Individually and in his Official Former          )
Capacity as Director, Department of Public       )
Safety; MICHAEL MCGRATH, Individually            )
and in his Official Former Capacity as Chief     )
of Police,                                       )
                                                 )
   Defendants-Appellees/Cross-Appellants.        )
                                                 )

BEFORE: SILER, KETHLEDGE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Sergeant Richard Martinez wants to become a lieutenant in the

City of Cleveland's Police Department. So he took the department's civil service exam—the

means historically used to rank aspiring lieutenants—and finished seventh. When the

department promoted the six people ahead of him in rank order, Martinez hoped his time for

promotion had arrived.

But when Martinez's turn came, the department passed him over. The department did so

by applying its "one-in-three" policy to bypass Martinez for a lower-scoring candidate. The

"one-in-three" policy allows the department to select any one of the top three scoring candidates

to fill a vacant position. *See* Cleveland, Ohio, Charter § 133 (2015). And when additional vacancies opened up, the department applied "one-in-three" to pass Martinez over again: three more times in fact. This happened, according to Martinez, in spite of the department's "past practice and de facto policy" to promote whoever had the highest score. Martinez's test score ultimately expired, and he was removed from the eligibility list without a promotion.

Martinez raised his grievance with his union. But when the union tried to arbitrate with the department, the department obtained an injunction barring arbitration. So Martinez filed a complaint in federal district court, claiming that the City and several local officials violated his due process rights when they failed to promote him. He also sought a writ of mandamus ordering the defendants to promote him to lieutenant. The district court dismissed his complaint for failure to state a claim, and Martinez now appeals. We review the district court's dismissal de novo. *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010).

*Procedural Due Process*. To survive a motion to dismiss on his procedural due process claim, Martinez needed to plead facts that, if proven to be true, would support a finding that (1) the defendants deprived him of a constitutionally protected interest and (2) he was not provided adequate procedural rights to protect that interest. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

The protected-interest element is easy: This court has previously found that a plaintiff adequately pleaded a protected property interest in a nearly identical case. In *Paskvan*, a police officer was passed over for a promotion despite his examination score and resulting rank. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1234 (6th Cir. 1991). The officer alleged that the department violated his procedural due process rights by failing to promote him, but the district court dismissed his claim. *Id.* at 1234–35. This court reversed,

finding that the officer had adequately alleged a deprivation of a protected property interest. *Id.* at 1237. So too here. And although defendants ask us to reconsider *Paskvan*, a prior panel decision remains binding until the Supreme Court or the Sixth Circuit sitting en banc says otherwise. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

The remaining question is whether Martinez received adequate process. Neither side disputes that the department did not give Martinez notice or a hearing before promoting lower-scoring candidates over him. But lack of *pre*-deprivation process is not dispositive—*post*-deprivation process may suffice. *Parratt v. Taylor*, 451 U.S. 527, 538 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). And in the procedural due process context, an adequate remedy available under state law constitutes post-deprivation process. *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990).

Here, Martinez had numerous state-law remedies available to him. *D'Amico v. City of Strongsville*, 59 F. App'x 675, 678 (6th Cir. 2003) (per curiam). For example, he could have brought a declaratory judgment action to determine his rights to a promotion or a breach of contract suit, requested an investigation and hearing before the civil service commission, or sought a writ of mandamus. *Id.*; *see Shirokey v. Marth*, 585 N.E.2d 407, 413–14 (Ohio 1992). And while Martinez disputes whether some of these remedies were available or adequate, he sought a writ of mandamus in this very action. Because Martinez had at least one adequate state-law remedy available to him, no due-process violation occurred.

Martinez suggests that the district court erred in refusing to accept his allegation that state-law remedies were inadequate. He is mistaken. His legal conclusion did not bind the district court. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (noting that a "'legal conclusion couched as a factual allegation' need not be accepted as true on a motion to

dismiss" (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009))); *Jackson v. City of Columbus*, 194 F.3d 737, 745, 749–51 (6th Cir. 1999) (noting that a district court need not accept a plaintiff's "summary allegations or unwarranted legal conclusions" at the pleading stage and affirming the court's rejection of plaintiff's allegation that state-law remedies were inadequate), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002); *see also Locurto v. Safir*, 264 F.3d 154, 170 (2d Cir. 2001) ("Whether a post-deprivation remedy is adequate presents a question of law."). The district court thus properly dismissed his claim.

*Writ of Mandamus*. Martinez also asked the district court to issue a writ of mandamus ordering the defendants to promote him to lieutenant. The district court dismissed his claim, reasoning that he could not seek a writ as a freestanding cause of action. The district court's reasoning was incorrect: As both sides concede, Ohio law *does* permit a party to seek a writ of mandamus as an independent cause of action. *See* Ohio Rev. Code Ann. § 2731.02; *Shirokey*, 585 N.E.2d at 414. The district court's misapplication of Ohio law demonstrates why there is a "strong presumption" in favor of declining to exercise jurisdiction over supplemental state-law claims after dismissing federal anchor claims under Rule 12(b)(6). *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). This presumption follows from the common-sense recognition that our state-court brethren are better equipped to address issues of state law. On remand, the district court can consider whether it will exercise its discretionary jurisdiction over this claim.

* * *

For these reasons, we **AFFIRM** the district court's dismissal of Martinez's procedural due process claim. We **VACATE** its dismissal of Martinez's petition for a writ of mandamus under Ohio law and **REMAND** with instructions to consider this claim consistent with this opinion.