## Esselburne v. Ohio Dept. of Agriculture
*[Cite as 6 AOA 306]*

*Case No. 90AP-231*
*Franklin County, (10th)*
*Decided August 7, 1990*

*Michael J. Morrisey, and Douglas W. Bulson, Jr., for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, and Susan M. Sullivan, for Appellees.*

FAULKNER, J.

Plaintiff appeals the dismissal of his complaint pursuant to Civ. R. 12(B)(6). The basis for the dismissal was the expiration of the statutory limitations period set forth in R.C. 2743.16.

Construing, as we must, the allegations of plaintiff's complaint as true, it appears that plaintiff, Peter C. Esselburne, was employed in February 1980 by defendant, the Ohio Department of Agriculture, and classified in the civil service system as an Attorney II, in which capacity plaintiff served through March 18, 1983. On that date, the Ohio Department of Agriculture informed plaintiff his position was changed to an unclassified position and that he was being laid off effective April 3, 1983.

On appeal to defendant the Ohio State Personnel Board of Review ("SPBR"), the layoff was affirmed. Eventually, the layoff was ultimately ruled unlawful and plaintiff was reinstated to his position in August 1987.

Thereafter, on November 7, 1989, plaintiff initiated this cause in the Ohio Court of Claims seeking compensation for the alleged tortious conduct of defendants in wrongfully excluding him from his classified position. Plaintiff sought compensation for the period April 3, 1983 through August 9, 1987. The compensation plaintiff sought was payment for lost benefits incurred during the period of his wrongful exclusion, which benefits could not be compensated in a related mandamus action.

Defendants then moved the claims court to dismiss plaintiff's complaint for the reason that the limitations period set forth by R.C. 2743.16 had expired. Defendants maintained that plaintiff's claim for relief accrued, at the latest, August 10, 1987, when he was reinstated to his position. Since the suit was not filed until November 7, 1989, defendants argued that plaintiff's claim was time barred under R.C. 2743.16.

Following plaintiff's reply in February 1990, the trial dismissed plaintiff's complaint on February 15, 1990 for the reason that the action was statutorily barred. The claims court concluded that because plaintiff's cause of action accrued no later then August 10, 1987, the filing of this suit on November 1989 was beyond the two-year statutory period set forth by R.C. 2743.16. Plaintiff now appeals and sets forth the following single assignment of error:

"In an action in the court of claims for losses, ancillary to back wages, suffered by appellant, a state civil servant, during his period of wrong exclusion. [sic] It was error for the court of claims to sustain a motion to dismiss the appellant's complaint on the basis that the action was not commenced within the two year statutory period, when such action was commenced within two years from the final determination that his exclusion from his position was wrongful."

The essence of plaintiff's argument on appeal is that the two year limitations period set forth in R.C. 2743.16 does not commence until it is finally determined that plaintiff's layoff was improper. It is plaintiff's position that because the state was still seeking appellate review subsequent to the reinstatement date, a fact not pleaded in his complaint, plaintiff's claim for relief did not accrue until the Supreme Court of Ohio refused to hear the state's appeal on December 21, 1988. Counting from this date, plaintiff contends that the filing of his complaint in November 1989 was well within the two-year limitations period. We disagree and therefore affirm.

When construing a complaint for purposes of ruling on a Civ. R. 12(B)(6) motion for dismissal due to the bar of the statute of limitations, the complaint must conclusively show on its face that the action is barred by the expiration of the limitations period. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376. In ruling upon a motion to dismiss, the court is required to interpret all material allegations in the complaint as true and taken as admitted. *State, ex rel. Alford, v. Willoughby* (1979), 58 Ohio St. 2d 221, 223. Only where it is apparent beyond doubt from the face of the complaint that a plaintiff can prove no set of facts upon which recovery could be granted is the movant entitled to dismissal of the action. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St. 2d 242.

With respect to the accrual date of a public employee's cause of action against the state for damages arising for wrongful exclusion from employment, it well-established that a reinstated public employee may bring an action in mandamus to recover compensation for the period wrongfully excluded from employment. See *State, ex rel. Martin, v. Bexley Bd. of Edn.* (1988), 39 Ohio St. 3d 36, 37; *State, ex rel. Bardo, v. Lyndhurst* (1988), 37 Ohio St. 3d 106, 113-115; *State, ex rel. Fenske, v. McGovern* (1984), 11 Ohio St. 3d 129, 131; *State, ex rel. Guerrero, v. Ferguson* (1981), 68 Ohio St. 2d 6, 7; *State, ex rel. Crockett, v. Robinson* (1981), 67 Ohio St. 2d 363, 365; *State, ex rel. Hamlin, v. Collins* (1981), 65 Ohio St. 2d 63, 64; and *State, ex rel. Martin, v. Columbus* (1979), 58 Ohio St. 2d 261, paragraph one of the syllabus. An order of reinstatement issued by a court on appeal from a decision of an SPBR constitutes a determination that the exclusion was wrongful. *Crockett, supra,* at 365.

Construing the facts of plaintiff's complaint as true, the relief sought is solely for the period plaintiff was wrongfully excluded from his Attorney II position with the Department of Agriculture. Although not apparent from the face of the complaint, it can only be inferred that the order of reinstatement issued by the common pleas court occurred some time prior to plaintiff's reinstatement in August 1987. As noted in *Crockett, supra,* the order of reinstatement is a determination that plaintiff was wrongfully excluded. The date of such determination starts

the running of the statutory limitations period.

There is no allegation in the complaint that defendants continued to wrongfully exclude plaintiff from his position beyond August 1987. Accordingly, the statutory period commenced, at the latest, on the date plaintiff was reinstated in August 1987.

The sole remaining issue is whether the complaint alleges any facts which would warrant the conclusion that the statutory limitations period was tolled pursuant to R.C. 2305.16. Upon review of the complaint, there is no allegation that plaintiff suffered from any disabilities which tolled the limitations period. Moreover, there is not even an allegation that the state continued to appeal the order reinstating plaintiff. Even assuming, however, that such a fact need not be pleaded or is implicit in 'the allegations of plaintiff's complaint, the general rule in Ohio is that the pendency of an appeal does not toll the relevant limitations period. See, *e.g.*, *Levering v. National Bank* (1912), 87 Ohio St. 117, paragraph two of the syllabus; *Board of Education v. Marting* (1966), 7 Ohio Misc. 64, 71-72. Accordingly, plaintiff's sole assignment of error is overruled.

Having overruled plaintiff's assignment of error, the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BRYANT, J.J., concur.

FAULKNER, J., of the Hardin County Common Pleas Court, sitting by assignment in the Tenth Appellate District.