LOYER, Appellee,

v.

TURNER, d.b.a. Turner Reporting Service, Appellant.

[Cite as *Loyer v. Turner* (1998), 129 Ohio App.3d 33.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–97–143.

Decided July 2, 1998.

*Stephen T. Loyer, pro se.*

*Paul G. Lux,* for appellant.

MELVIN L. RESNICK, Judge.

This is an appeal from a judgment of the Erie County Court of Common Pleas denying defendant-appellant's motion to dismiss plaintiff-appellant's complaint for failure to state a claim upon which relief can be granted.

On July 7, 1997, appellee, Stephen T. Loyer, filed a complaint claiming that appellant, Sally Turner, d.b.a. Turner Reporting Service, committed "malpractice" in transcribing a trial held in the Erie County Court of Common Pleas on August 31 and September 1, 1995. Specifically, Loyer alleged that Turner failed

to transcribe "a section of the trial that included orders" issued by the trial court judge. He claimed that his appeal of the 1995 case was "hindered by the apparent lack of a full record."

Appellant filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting that as a court reporter she was protected by judicial immunity and was therefore absolutely immune from suit for any alleged intentional or negligent omission in the transcription of trial proceedings.

On December 1, 1997, the trial court overruled Turner's motion to dismiss. Turner appeals that order[1] and sets forth the following assignment of error:

"The trial court erred in denying defendant's motion to dismiss which was based on immunity."

Turner contends that the trial court erred in failing to grant her Civ.R. 12(B)(6) motion because she was acting in her official capacity in transcribing court proceedings and, therefore, enjoys judicial, that is, absolute immunity from suit.

We note at the outset that immunity is generally considered an affirmative defense under Civ.R. 8(C) and must be expressly pled or it is waived. See *Spence v. Liberty Twp. Trustees* (1996), 109 Ohio App.3d 357, 672 N.E.2d 213. Normally, and because they require reference to materials outside the complaint, affirmative defenses cannot be raised by means of a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703–704; *Johnson v. Wilkinson* (1992), 84 Ohio App.3d 509, 516, 617 N.E.2d 707, 711–712. An exception exists, however, where the existence of the affirmative defense is obvious from the face of the complaint itself. *Esselburne v. Ohio Dept. of Agriculture* (1990), 64 Ohio App.3d 578, 580, 582 N.E.2d 48, 49–50; *Hughes v. George F. & Mary A. Robinson Mem. Portage Cty. Hosp.* (1984), 16 Ohio App.3d 80, 82, 16 OBR 85, 86–87, 474 N.E.2d 638, 640–641.

Here, the complaint asserts that Turner either negligently or intentionally omitted matters from a transcript recorded by appellant during judicial proceedings. Thus, the existence of the defense of judicial/absolute immunity is obvious from the face of the complaint and could be considered by the trial court.

---

1. This court, upon Loyer's motion to dismiss the instant appeal, found that the trial court's order denying the Civ.R. 12(B)(6) motion was a final, appealable order pursuant to R.C. 2744.02(C), as effective June 30, 1997. This statute provides that any order denying an employee of a political subdivision the benefit of alleged immunity from liability afforded under R.C. Chapter 2477 *"or any other provision of the law* is a final order." (Emphasis added.)

 A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. All factual allegations in the complaint must be taken as true and all reasonable inferences must be construed in a light most favorable to the plaintiff. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 588–589.

 A member of the judiciary who possesses jurisdiction over a controversy has absolute immunity from civil liability for acts occurring during the performance of the judicial function. *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 93, 17 OBR 213, 214–215, 477 N.E.2d 1123, 1126–1127, citing *Stump v. Sparkman* (1978), 435 U.S. 349, 356–357, 98 S.Ct. 1099, 1104–1105, 55 L.Ed.2d 331, 338–340. Further, agents of the court have absolute immunity against suits arising from acts that are judicial or quasijudicial. *Whiting* at 93–94, 17 OBR at 214–216, 477 N.E.2d at 1126–1128, citing *Lockhart v. Hoenstine* (C.A.3, 1969), 411 F.2d 455; *Baker v. Court of Common Pleas of Cuyahoga Cty.* (1989), 61 Ohio App.3d 59, 64, 572 N.E.2d 155, 158–159.

As she did in the trial court, Turner relies on R.C. 2301.20 and two unreported Ohio appellate cases to argue that a court reporter, as an agent of the court, enjoys the same absolute immunity from suit as a judge when he or she is appointed to record and transcribe judicial proceedings. Loyer cites a United States Supreme Court case, decided after the appellate cases, wherein the court determined that court reporters are not entitled to absolute immunity as part of the judicial function.

The first case offered by appellant, *Fahrig v. Greer* (May 1, 1980), Montgomery App. No. 6596, unreported, cites federal law as support for holding: "The principle of judicial immunity applies to acts of a judge and court reporters while acting in their official capacities." The second case, *Richard v. Schaefer* (June 18, 1992), Cuyahoga App. No. 63069, unreported, 1992 WL 140283, uses federal law and the *Fahrig* case as the basis for the same finding.

In *Antoine v. Byers & Anderson, Inc.* (1993), 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391, the United States Supreme Court decided that a court reporter was not absolutely immune from civil liability for failing to produce a transcript of a federal criminal trial. *Id.* at 430, 113 S.Ct. at 2168–2169, 124 L.Ed.2d at 396. In reaching its decision, the court engaged in the following analysis.

The *Antoine* court noted that the functions of a court reporter and a judge are significantly different. *Id.* at 435, 113 S.Ct. at 2171, 124 L.Ed.2d at 399. A court reporter at the federal level is required, by statute, to "record verbatim" court proceedings in their entirety. *Id.* Thus, the reporter is afforded no discretion in carrying out his or her duty but must record, as accurately as possible, what

transpires in court. *Id.* On the other hand, even the notes taken by judges during court proceedings involve discretionary decision making. *Id.* at 435, 113 S.Ct. at 2171, 124 L.Ed.2d at 399. The court added that judges do not have absolute immunity from suit when acting in their administrative capacity. *Id.,* citing *Forrester v. White* (1988), 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555, 566–567. The *Antoine* court concluded that because a court reporter's task is ministerial, and not discretionary, the reporter is not entitled to absolute immunity from suit. *Id.* at 436–437, 113 S.Ct. at 2171–2172, 124 L.Ed.2d at 399–401.

Our research fails to disclose any Ohio cases determined since the United States Supreme Court's decision in *Antoine.* Nevertheless, Turner urges, in her reply brief, that the *Antoine* decision is federal law "relying on a federal statute."[2] Turner further maintains that R.C. 2301.20 does not require an Ohio court reporter to produce a "verbatim" record of trial proceedings and indicates that the reporter acts at the direction of the trial judge. Therefore, Turner asks this court to conclude that an Ohio court reporter is cloaked with judicial immunity.

We find that the actual question before this court is whether, under Ohio law, a court reporter, in reporting and transcribing trial proceedings for the purpose of appeal, is engaging in a discretionary activity.

R.C. 2301.20 reads:

"Upon the trial of a civil or criminal action in the court of common pleas, if either party to the action or his attorney requests the services of a shorthand reporter, the trial judge shall grant the request, or may order a full report of the testimony or other proceedings. In either case, the shorthand reporter shall take accurate shorthand notes of the oral testimony or other oral proceedings."

The first sentence of R.C. 2301.20 states that the parties may request a court reporter for the taking of notes during trial. This sentence also indicates that, at its discretion, the trial court may appoint a court reporter for the taking of notes during trial. Thus, under this statute and contrary to Turner's argument, a court reporter is not acting at the court's direction; rather, she or he may, in certain instances, be appointed pursuant to the court's discretion.

The second sentence requires that the reporter take accurate notes. Appellant asks this court to distinguish between the word "accurate" in the Ohio statute and the word "verbatim" in the federal statute. Presumably, Turner believes that any difference in the meaning of these two terms renders the act of recording trial proceedings a discretionary function. We cannot agree.

---

**2.** This ignores the fact that the cases cited by Turner rely on federal law for their holdings.

"Accurate" is defined as "free from error" and "conforming exactly to the truth or to a standard." Merriam Webster Collegiate Dictionary (10 Ed.1993) 8. This definition does not provide a court reporter with any leeway in decisionmaking or acting in a judicial capacity during a legal proceeding.

Moreover, the gist of Loyer's complaint is that Turner failed to transcribe the complete trial court proceedings for the purposes of appeal. Transcription of proceedings by a court reporter is covered by a different statute, R.C. 2301.23, which reads:

"When shorthand notes have been taken in a case as provided in section 2301.20 of the Revised Code, if the court, or either party to the suit or his attorney, requests transcripts of any portion of such notes in longhand, the shorthand reporter reporting the case shall make *full and accurate* transcripts of the notes for the use of such court or party." (Emphasis added.)

This statute emphasizes the fact that a court reporter's duty to prepare trial transcripts is a ministerial function and not a discretionary function. Accordingly, based on the United States Supreme Court decision in *Antoine*, we find that the trial court did not err in denying Turner's motion to dismiss for failure to state a claim upon which relief can be granted.

■ Accordingly, Turner's sole assignment of error is found not well taken.[3] The judgment of the Erie County Court of Common Pleas is affirmed. Sally Turner, d.b.a. Turner Reporting Service, is ordered to pay the costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and KNEPPER, JJ., concur.

─────────

**3.** In her reply brief, Turner contends, in the alternative, that if she lacks absolute immunity from suit, she is protected from civil liability by the doctrine of qualified immunity. This issue was never raised in or considered by the trial court. Therefore, this court shall not consider the issue for the first time on appeal. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463, overruled on other grounds, *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581, paragraph one of the syllabus; *In re Dismissal of Mitchell* (1979), 60 Ohio St.2d 85, 90, 14 O.O.3d 307, 310, 397 N.E.2d 764, 768; *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 32, 2 OBR 32, 34–35, 440 N.E.2d 600, 603–604.