OPINION
{¶ 1} Appellant, Walter C. Reasoner, appeals from the Franklin County Court of Common Pleas' dismissal of his complaint against appellees, city of Columbus and Judge Bruce Jenkins. For the following reasons, we affirm.
 {¶ 2} On February 5, 2002, appellant filed suit against appellees alleging that Judge Bruce Jenkins violated appellant's due process and equal protection rights under the United States and Ohio Constitutions by dismissing appellant's underlying case when appellant refused to obtain an attorney. Appellant sued the city of Columbus only in its capacity as Judge Jenkins' employer.
 {¶ 3} After appellees filed a Civ.R. 12(B)(6) motion to dismiss, but before the trial court ruled upon the motion, appellant filed an amended complaint. The amended complaint elaborated upon appellant's initial claim, but did not add any new claims or parties. In response to the amended complaint, appellees filed another Civ.R. 12(B)(6) motion, arguing that Judge Jenkins was immune from liability for his alleged actions.
 {¶ 4} On June 14, 2002, the trial court issued a decision granting appellees' Civ.R. 12(B)(6) motion to dismiss the amended complaint. The trial court concluded that, based upon the allegations contained in the amended complaint, appellant could not state a claim upon which relief could be granted because the affirmative defense of judicial immunity prevented recovery. Appellant then appealed to this court.
 {¶ 5} On appeal, appellant assigns the following errors:
 {¶ 6} "First Assignment of Error
 {¶ 7} "The trial court erred in showing flagrant disregard of Procedure Rules, and Appellant's rights in the dismissal of his action.
 {¶ 8} "Second Assignment of Error
 {¶ 9} "The trial court erred in granting Appellees Civ.R. 12(B)(6) motion to dismiss Appellant's Action."
 {¶ 10} In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." Cincinnati v. Beretta U.S.A. Corp.,95 Ohio St.3d 416, 418, 2002-Ohio-2480, ¶ 5. When deciding a motion to dismiss pursuant to a Civ.R. 12(B)(6) motion, a court may not consider any evidentiary materials other than averments in the complaint. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285. In construing the complaint, a court must presume that all factual allegations asserted in the complaint are true and make all reasonable inferences in favor of the plaintiff. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,144. A court, however, is not required to presume the truth of conclusions unsupported by factual allegations. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193.
 {¶ 11} By his first assignment of error, appellant argues that the trial court erred by granting appellees' Civ.R. 12(B)(6) motion on the basis of the affirmative defense of judicial immunity. Appellant asserts that, pursuant to Civ.R. 8(C), a defendant must assert the affirmative defense of judicial immunity in an answer, not in a Civ.R. 12(B)(6) motion.
 {¶ 12} Generally, affirmative defenses, such as judicial immunity, cannot be raised in a Civ.R. 12(B)(6) motion because they normally cannot be proved without reliance upon evidentiary materials outside the complaint. However, this general rule is not applicable when "the existence of the affirmative defense is obvious from the face of the complaint." Mankins v. Paxton (2001), 142 Ohio App.3d 1, 9. See, also, Denlinger v. City of Columbus (Dec. 7, 2000), Franklin App. No. 00AP-315 ("an affirmative defense may be the basis of a motion to dismiss where it is apparent from the face of the complaint that the defense is available"); Spence v. Liberty Twp. Trustees (1996), 109 Ohio App.3d 357,362 ("[a]n affirmative defense may thus be raised in a Civ.R. 12(B) motion, but only if *** it is clear on the face of the complaint that the affirmative defense is available"); White v. Goldsberry (Dec. 4, 1992), Athens App. No. CA-1525 ("[w]hile immunity is an affirmative defense, where the complaint itself bears conclusive evidence that the action is barred by the defense, a Civ.R. 12(B)(6) dismissal is proper").
 {¶ 13} In the case at bar, our review of the record reveals that appellees' Civ.R. 12(B)(6) motion was based and decided solely upon the averments contained within appellant's complaint. Although appellant asserts that the trial court considered "unsworn allegations," neither the record nor the decision includes reference to such outside evidence. Consequently, because we conclude that appellees' Civ.R. 12(B)(6) motion was a proper vehicle for the assertion of the affirmative defense of judicial immunity, we overrule appellant's first assignment of error.
 {¶ 14} By his second assignment of error, appellant argues that the affirmative defense of judicial immunity does not preclude his claim. We disagree.
 {¶ 15} A judge is immune from civil liability for actions taken within the judge's official capacity, even if those actions were in error, in excess of authority or malicious. Kelly v. Whiting (1985),17 Ohio St.3d 91, 93. A judge will only be subject to liability if: (1) the judge acted in a "clear absence of all jurisdiction"; or (2) the action at issue was not judicial in nature, i.e., an action not normally performed by a judge. Forsyth v. Supreme Court of Ohio (Aug. 25, 1998), Franklin App. No. 98AP-59; Twine v. Probate Court (June 28, 1990), Franklin App. No. 89AP-1170.
 {¶ 16} In the case at bar, Judge Jenkins cannot be held liable for ordering appellant to obtain an attorney or for dismissing appellant's case unless either of the two exceptions to the judicial immunity doctrine apply. Despite appellant's arguments to the contrary, the averments in his complaint establish that neither exception exists in this case. First, it is apparent from the face of the complaint that Judge Jenkins had subject matter jurisdiction over the case underlying appellant's instant complaint. Second, by issuing the order in question and dismissing appellant's case, Judge Jenkins was performing actions within the ambit of his official, judicial functions.
 {¶ 17} Appellant, however, argues that the trial court erred in granting the motion to dismiss because his amended complaint included allegations that Judge Jenkins exceeded his jurisdiction by ordering appellant to obtain an attorney and by dismissing appellant's case. (See Amended Complaint, at ¶ 6, 8, 9.) Although appellant may be correct in his assessment of the unlawfulness of Judge Jenkins' actions, if a "judge has the requisite jurisdiction over the controversy, he is immune from liability even though his acts are voidable as taken in excess of jurisdiction." Hopkins v. INA Underwriters Ins. Co. (1988),44 Ohio App.3d 186, 187-188. Thus, because Judge Jenkins had subject matter jurisdiction over appellant's underlying case, the judge could not be liable for any action taken in his judicial capacity, even those taken in excess of the judge's jurisdiction. Accordingly, we conclude that the trial court properly granted appellees' motion to dismiss, and we overrule appellant's second assignment of error.
 {¶ 18} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.