[Cite as *OMG MSTR LSCO, L.L.C. v. Dept. of Medicaid*, 2018-Ohio-4843.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OMG MSTR LSCO, LLC, successor by merger to CSC MSTR LSCO, LLC, individually and as agent of Cleveland SeniorCare Corp., the former operator of Greenbrier Health Care Center, Lake Pointe Health Care, Grande Pointe Healthcare Community, Candlewood Park Healthcare Center, and Pine Valley Care Center et al., | : : : : : : | No. 18AP-223 (C.P.C. No. 17CV-11210) (REGULAR CALENDAR) |
| Plaintiffs-Appellants, | : | |
| v. | : | |
| Ohio Department of Medicaid et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 6, 2018

**On brief:** *Benesch, Friedlander, Coplan & Aronoff LLP, Ronald L. House*, and *Jennifer M. Turk*, for appellants. **Argued:** *Jennifer M. Turk.*

**On brief:** *Michael DeWine*, Attorney General, *Justin T. Radic*, and *Cheryl R. Hawkinson*, for appellees. **Argued:** *Justin T. Radic.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} This is an appeal from the judgment of the Franklin County Court of Common Pleas granting a motion to dismiss filed by defendants-appellees Ohio Department of Medicaid ("the Department") and Barbara Sears, in her official capacity as Director of the Department.

## I. Facts and Procedural History

{¶ 2}   Plaintiff-appellants, OMG MSTR LSCO, LLC ("OMG"); Pearl Leasing Co., LLC; Kolbe Leasing Co., LLC; Merit Leasing Co., LLC; Belmore Leasing Co., LLC; and Brecksville Leasing Co., LLC are related entities that currently or previously operated long-term care facilities in Ohio and received Medicaid reimbursement.  OMG is the successor by merger to CSC MSTR LSCO, LLC (together referred to here as "CSC/OMG") and the agent of Cleveland SeniorCare Corp., which is not a party to this appeal.  Prior to December 16, 2005, Cleveland SeniorCare Corp. operated five long-term care facilities in Ohio.  The five other appellants are the current operators of the former Cleveland SeniorCare Corp. facilities.

{¶ 3}   In 2017, the Department issued to the current care facility operators notices that the Department intended to seek recovery of alleged Medicaid overpayments made during fiscal years 2002 to 2006.  The five separate notices announced commencement of proceedings under R.C. Chapter 119, with administrative hearings to be conducted in accordance with Ohio Adm.Code Sections 5160-70-01 et seq.

{¶ 4}   Appellants filed their complaint in the common pleas court seeking a declaratory judgment establishing that the Department was time-barred from collecting the alleged Medicaid overpayments for the 2002 to 2006 fiscal years.  The complaint alleges the administrative proceedings are time-barred under statutes governing Medicaid accounting in case of a change of operator and setting the statute of limitations for the Department under such actions.[1]

{¶ 5}   The complaint describes the series of transactions through which Cleveland SeniorCare Corp. transferred the nursing homes to the current providers and asserts that, pursuant to R.C. 5111.67, CSC/OMG, as agent of the "exiting provider" (Cleveland SeniorCare Corp.), provided required notice to the Ohio Department of Job and Family Services ("ODJFS") of the change of operator.  The complaint then alleges that, pursuant to R.C. 5111.685, ODJFS was statutorily required to determine the actual debt owed by

---

[1] The cited Medicaid statutes, R.C. 5111.67, 5111.682, 5111.685, and 5111.061, are those in effect during the fiscal years for which repayment is sought. During those periods, the regulatory authority lay with the Ohio Department of Job and Family Services ("ODJFS") and transferred in 2013 with the creation of the Department. All statutory references in this decision are to the former numbering system that existed prior to 2013, and references to the Department may include actions taken by ODJFS prior to 2013.

CSC/OMG within 90 days under R.C. 5111.682. The complaint states the triggering event was a March 1, 2006 letter enclosing the final cost reports for the CSC/OMG facilities, and that ODJFS was therefore statutorily mandated to issue its debt summary report by May 31, 2006. The complaint then states that, under R.C. 5111.061, ODJFS was limited to a five-year period following the end of the state fiscal year in which the overpayment was made to seek recovery. Because the Department did not issue the current notices until 2017, the complaint alleges the Department is time-barred from recovering the alleged overpayments.

{¶ 6} The complaint further alleges that, although the recovery efforts by the Department are indisputably time-barred, the Department hearing examiner has no authority to rule on a motion to dismiss brought on that basis, and appellants will incur unreasonable expenses in defending against the administrative action. The complaint states such administrative proceedings may cost each current provider in excess of $80,000. Without specifying the cost of a single, collective declaratory judgment action, the complaint asserts this will be lower than the multiple administrative cases.

{¶ 7} The Department moved pursuant to Civ.R. 12(B)(6) to dismiss the complaint in the common pleas court on the basis the complaint failed to state a claim for which relief could be granted. The basis for the motion was that appellants had failed to exhaust their administrative remedies and should not be allowed to circumvent the administrative process by resorting to a declaratory judgment action in the courts. The trial court granted the Department's motion to dismiss, finding that "[p]laintiffs have failed to demonstrate that prosecuting an administrative action would be any more expensive than the instant action. Plaintiffs' Complaint merely alleges that administrative proceedings '*can* cost a provider in excess of $80,000 each.' " (Emphasis sic.) (Decision at 2.)

## II. Assignments of Error

{¶ 8} Appellants bring the following two assignments of error for our review:

[I.] The Trial Court erred in dismissing Appellants' Complaint under Civ.R. 12(B)(6) on the grounds that Appellants were required to exhaust their administrative remedies and failed to demonstrate that prosecuting five separate administrative proceedings would be far more onerous and unusually expensive than prosecuting one declaratory judgment action regarding a dispositive issue.

[II.] The Trial Court erred in failing to presume, on a Civ.R. 12(B)(6) motion, that all factual allegations of the Complaint were true and failed to make all reasonable inferences in favor of Appellants.

Appellants' two assignments of error present related issues and will be addressed together.

### III. Standard of Review and Failure to State a Claim

{¶ 9} This case presents two issues to address in sequence: first, whether the posture of the underlying administrative action supports appellants' right to cut short the administrative process by obtaining a preemptive declaratory judgment from the common pleas court without exhausting their administrative remedies, and second, whether the common pleas court could make a determination regarding the exhaustion of administrative remedies when addressing the issue in the context of a Civ.R. 12(B)(6) motion to dismiss.

{¶ 10} When reviewing a judgment rendered on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, ordinarily an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. When the trial court's judgment dismisses a complaint in declaratory judgment, however, the standard guiding our review is whether the trial court abused its discretion. *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus, following *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37 (1973).

{¶ 11} A Civ.R. 12(B)(6) motion is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In considering the motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). The trial court may only consider the complaint itself and certain written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys., Inc.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Industries, Inc.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). Rather, " '[i]f a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which

would proceed under Civ.R. 56.' " *Brisk* at ¶ 10, quoting *Acierno* at ¶ 30, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 156 (1983).

{¶ 12} A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31 (Sadler, J., dissenting), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

## IV. Exhaustion of Remedies as an Affirmative Defense

{¶ 13} Ordinarily, where the legislature has enacted a comprehensive statutory and regulatory scheme governing regulation and review by an administrative agency, the intent is to vest the agency with exclusive jurisdiction. *Nielsen v. Ford Motor Co.,* 113 Ohio App.3d 495, 500 (9th Dist.1996). From this springs the exhaustion of administrative remedies doctrine, pursuant to which a litigant must exhaust all recourse available through administrative remedies before seeking redress from the judicial system. *Jain v. Ohio State Medical Bd.*, 10th Dist. No. 09AP-1180, 2010-Ohio-2855, ¶ 10, citing *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 290 (2002). "The purpose of the doctrine is to allow an administrative agency to apply its expertise in developing a factual record without premature judicial intervention in administrative processes." *Id.*, citing *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111 (1990). "Allowing a claimant to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process." *Id.*, citing *Carmack v. Caltrider*, 164 Ohio App.3d 76, 2005-Ohio-5575, ¶ 6 (2d Dist.).

{¶ 14} Ohio allows two limited exceptions to the exhaustion of administrative remedies doctrine that allow a plaintiff to go forward with a declaratory judgment action. The first is if there is no administrative remedy available that can provide the relief sought. The second is when the exhaustion of administrative remedies would be unusually onerous

or expensive. *Karches v. Cincinnati*, 38 Ohio St.3d 12, 17 (1988), citing *Glover v. St. Louis-San Francisco Ry., Co.*, 393 U.S. 324 (1969), and *Gates Mills Invest. Co. v. Pepper Pike*, 44 Ohio St.2d 73 (1975). Courts have often noted, however, that the second exception, which is the one advanced here, must be constrained to avoid thwarting the intent of the legislature in creating and implementing a comprehensive administrative scheme: "Where a party fails to exhaust available administrative remedies, allowing declaratory relief would serve 'only to circumvent an adverse decision of an administrative agency and to bypass the legislative scheme.' " *M6 Motors, Inc. v. Nissan of N. Olmstead LLC,* 8th Dist. No. 100684, 2014-Ohio-2537, ¶ 39, quoting *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 152 (1992). The exception is best applied in cases where the declaratory judgment action seeks to challenge the constitutionality of the statute, ordinance, or administrative rule, upon which the administrative tribunal would generally not be empowered to rule. *SP9 Ent. Trust v. Brauen*, 3d Dist. No. 1-14-03, 2014-Ohio-4870, ¶ 16, citing *Milliron Waste Mgt., v. Crestline*, 135 Ohio App.3d 15 (3d Dist.1999).[2]

{¶ 15} The failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action. It is, rather, an affirmative defense to be pled by the defendant, who bears the burden of proving the failure to exhaust the administrative remedies by a preponderance of the evidence. *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 460 (1997); *see also Cleveland Constr., Inc. v. Kent State Univ.*, 10th Dist. No. 09AP-822, 2010-Ohio-2906, ¶ 48.

{¶ 16} "Normally, affirmative defenses require reference to materials outside of the complaint and, therefore, cannot be raised by means of a Civ.R. 12(B)(6) motion to dismiss." *Mankins v. Paxton*, 142 Ohio App.3d 1, 9 (10th Dist.2001), citing *Loyer v. Turner,* 129 Ohio App.3d 33, 35 (6th Dist.1998). "However, an exception exists where the existence of the affirmative defense is obvious from the face of the complaint." *Id.* For example, a party may assert a statute of limitations defense through a Civ.R. 12(B)(6) motion to dismiss if the defense is apparent in the complaint and documents attached

---

[2] Ohio's exception to the exhaustion of remedies doctrine is generally broader than in other jurisdictions, which essentially limit the exception to such constitutional issues. *See generally Malecon Tobacco, LLC v. State ex rel. Dept. of Taxation*, 118 Nev. 837, 841 (2002), fn. 13, for an examination of state and federal law on this question.

thereto. *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 24; *Stuller v. Price*, 10th Dist. No. 02AP-29, 2003-Ohio-583, ¶ 27.

{¶ 17} We agree with the trial court it is obvious from the face of appellants' complaint that they have not exhausted their administrative remedies; the averments of the complaint explicitly admit as much, since the averred object of the complaint is to avoid those very remedies. The question before us is whether, from the face of the complaint, it was an abuse of discretion of the trial court to conclude that the affirmative defense, once established, was not countered by the limited exception set forth in *Karches*, on the basis that challenged administrative remedy was exceptionally onerous or expensive.

{¶ 18} Ohio cases on this issue have not always clearly discussed whether this is a pleading burden placed on the plaintiff; i.e., whether, once the affirmative defense of exhaustion of administrative remedies is established on the face of the complaint, this places the burden on the plaintiff in a declaratory judgment action to plead on the face of the complaint that declaratory judgment will lie based on the burdensome nature of the ongoing administrative proceedings. Although plaintiffs are generally not required to anticipate affirmative defenses in their complaint, at least one case from this court suggests the burden so shifts in exhaustion of remedies cases. *Savoy v. Univ. of Akron*, 10th Dist. No. 11AP-183, 2012-Ohio-1962, ¶ 6-8. We noted that the party seeking to circumvent administrative proceedings by use of a declaratory judgment action must "demonstrate that the administrative remedy would have forced him to have substantially more expense." *Aust v. Ohio State Dental Bd.,* 136 Ohio App.3d 677, 682 (10th Dist.2000) (affirming dismissal pursuant to defendants' Civ.R. 12(B)(6) motion). We accordingly find appellants here bore the burden of pleading all aspects of the *Karches* exception to the exhaustion of remedies defense.

{¶ 19} Moreover, the "onerous or burdensome" criterion in *Karches*, properly viewed, cannot mean merely that the pending administrative proceedings are expensive and inconvenient—regulated entities would generally adjudge that to be the case with any enforcement or recoupment action. The question is whether the pending administrative action is unusually burdensome in comparison with other administrative or judicial proceedings. In the present case, the complaint states only the administrative proceedings might cost in excess of $80,000 per care giver. There is no frame of reference to establish

whether this is an exceptional or burdensome amount, particularly since no comparison with cost of other administrative proceedings in the industry or the cost of the current declaratory judgment action is advanced.  We see no abuse of discretion on the part of the trial court in concluding that the *Karches* exception does not apply to the case, and the declaratory judgment action must be dismissed due to appellants' failure to exhaust their administrative remedies.  We accordingly overrule appellants' two assignments of error.

## V. Conclusion

{¶ 20} Having overruled appellants' two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

_____